IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA VOSS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| MORAN TRANSPORTATION | ) Jury Trial Requested |
| CORPORATION, an Illinois | ) |
| Corporation and | ) |
| MICHAEL J. MORAN, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**I.  INTRODUCTION**

1. This is an action for employment discrimination brought pursuant to the Americans with Disabilities Act (ADA) as amended, effective January 1, 2009, and the Family and Medical Leave Act, (FMLA). In violation of each of these statutes, Plaintiff was terminated from her employment as General Manager of the defendant's Roscoe, Illinois trucking facility, the day she returned from medical leave after breast cancer surgery. Plaintiff is seeking actual and punitive damages, liquidated damages and injunctive relief.

**II.  JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C § 1391(b) because the defendants reside in this district and the events giving rise to the claim arose in this district.

**III. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. Plaintiff filed her discrimination charge with the EEOC on December, 8, 2009 and

1

received the right to sue letter on January 7, 2010. (See Exhibit 1 attached to the complaint.)

### IV. THE PARTIES

5. Plaintiff Linda Voss is a 52 year old female citizen of the United States who currently resides in Byron, Illinois. Ms. Voss was hired in 2005 by Defendants to be the General Manager of the Roscoe terminal of Moran Transportation Corporation. At the time, Ms. Voss had approximately twenty-eight (28) years of experience in the transportation industry.

6. Defendant Moran Transportation Corporation is a family owned company headquartered in Elk Grove Village, Illinois with terminals in Roscoe, Illinois and Warsaw, Indiana. Moran serves businesses throughout the Midwest, with regular transportation and inside delivery capabilities, paper and forms handling as well as specialized air freight pick-up and delivery. Moran reports that it has approximately 130 full-time employees.

7. Defendant Michael J. Moran (referred to herein as "Moran") is the owner and President of Defendant Moran Transportation Corporation. Moran had supervisory authority over the plaintiff and as set forth further herein, was responsible for the within violations of the Family and Medical Leave Act.

### V. FACTUAL ALLEGATIONS

8. Between the start of her employment and July of 2009, Plaintiff met or exceeded Defendant's job expectation as General Manager of the Roscoe terminal.

9. In July 2009, Plaintiff was diagnosed with breast cancer. Plaintiff immediately informed Moran and told him that she would be undergoing a bi-lateral mastectomy to be followed by chemotherapy. Ms. Voss informed Moran that she would need to be off from work for between four (4) and six (6) weeks after her surgery. She asked Moran whether there was anything she needed to do for "FMLA" leave. He told her not to worry about it.

10. Ms. Voss had her surgery on August 7, 2009. On August 31, 2009, Ms. Voss's surgeon gave her a note authorizing her to return to work on September 3, 2009, stating that she "will need to be excused at times for further treatment." Ms. Voss promptly forwarded this note to Moran.

11. On September 3, 2009, the plaintiff returned to her office at the Roscoe terminal to resume her employment. That morning, defendant Michael J. Moran came to the Roscoe terminal from his Elk Grove Village headquarters and told Ms. Voss that he wanted to take her to breakfast. At breakfast, Moran told the plaintiff, "Linda, I need to protect my 130 employees. I'm releasing you."

12. The plaintiff pleaded with him not to terminate her. Moran gave no reason for the termination other than repeating to her that he needed to protect his other employees.

13. At the termination meeting, Moran informed Plaintiff that he had replaced her with an employee named Mark Stevens who had been in her position for two weeks already. Moran told Voss that she would have to return her company car and telephone by the next day. He also told her that he would not fight her unemployment. In fact, Defendants maliciously and in bad faith contested Plaintiff's claim for unemployment compensation, presenting false testimony to the Illinois Department of Employment Security (DES) claiming that Plaintiff was unable to perform her job duties due to her breast cancer. The DES found in favor of the plaintiff.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT MORAN TRANSPORTATION CORPORATION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES AMENDMENTS ACT**

14. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Amendments Act since her cancer, in its active state, substantially

limits normal cell growth function.

15. Defendant Moran Transportation Corporation terminated Plaintiff because of her disability in violation of the ADA, 42 U.S.C. § 12111 et seq.

16. Defendant's action was willful and malicious in reckless disregard of Plaintiff's rights.

17. As a result of the Defendant's actions as set forth herein, the plaintiff has suffered and will suffer substantial economic loss, including lost wages, benefits and lost future income.

18. As a result of the Defendant's actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

WHEREFORE, Plaintiff respectfully requests that after trial by jury in this cause, this court enter judgment:

    A. awarding Plaintiff injunctive relief,

    B. awarding Plaintiff compensatory and punitive damages

    C. awarding Plaintiff all reasonable attorneys fees in connection with her prosecution of this action.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS MORAN TRANSPORTATION CORPORATION and MICHAEL J. MORAN FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT.**

19. Linda Voss is an "eligible employee" of Defendants, as that term is defined at 29 U.S.C. § 2611(2)(A), since Plaintiff worked for Defendants for at least 12 months, and worked for Defendants for at least 1,250 hours during the previous 12 month period, and required leave from her employment due to a serious medical condition.

20. Defendant Moran Transportation Corporation is an "employer" as that term is defined at 29 U.S.C.§ 2611(4)(A), as Defendant employed 50 or more persons for each working

day during each of 20 or more calendar work weeks in the current or preceding calendar year.

21. Defendant Michael J. Moran is an "employer" as that term is defined at 29 U.S.C. § 2611(4)(A), since he controlled in whole or part Plaintiff's ability to take a leave of absence and return to her position. See *Robinson v. Morgan Stanley et al.,* 2007 WL 2815839 (N.D. Ill. 2007); *Austin v. Cook County et al.,* 2009 WL 799488 (N.D. Ill. 2009)

22. Plaintiff was entitled to leave under the FMLA because of a serious health condition that required the plaintiff to undergo surgery for breast cancer.

23. Plaintiff notified the defendants in a timely manner that she had been scheduled for surgery and requested and was given medical leave. Plaintiff was on medical leave from on or about August 7, 2009 through September 3, 2009 and was entitled to periodic, intermittent leave for her upcoming chemotherapy treatments.

24. Defendants refused and failed to return Plaintiff to her position and terminated Plaintiff from her employment for having taken leave and for having requested additional FMLA leave for her treatments.

25. As a result of the defendants' actions, Plaintiff has suffered and will suffer substantial economic loss, including back wages and benefits.

26. The actions of the defendants as set forth herein were willful, wanton and/or taken with reckless disregard for the rights of the plaintiff.

27. The actions of the defendants interfered with the plaintiff's attempt to exercise rights under the FMLA and retaliated against plaintiff for attempting to exercise such rights in violation of 29 U.S.C. § 2615.

WHEREFORE, Plaintiff respectfully requests that this Court, after trial by jury, enter judgment in favor of Plaintiff and against each of the defendants awarding Plaintiff

compensatory and liquidated damages, attorneys fees and injunctive relief.

Respectfully submitted,

**/s Jeffrey L. Taren**

Jeffrey L. Taren
Miriam N. Geraghty
Kinoy, Taren & Geraghty P.C.
224 S. Michigan Ave. Suite 300
Chicago, IL 60604 Tel: (312) 663-5210
Fax: (312) 663-6663
Email: ktgtaren aol.com
ARDC # 2796821